**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X

MAHMOUD A. NADA,

                           **Plaintiff,**

     - against -

**1199 SEIU HEALTH CARE**
**EMPLOYEES UNION,**

                       **Defendant.**

------------------------------------------------ X

**MEMORANDUM OPINION**
**AND ORDER**

**09 Civ. 5796 (SAS)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/10

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

Pro se plaintiff Mahmoud Nada seeks to recover lost wages "due to misrepresentation" by defendant 1199 SEIU Health Care Employees Union ("1199"). Liberally construed, Nada's claim is for breach of the duty of fair representation. 1199 now moves for summary judgment. Because Nada's claim is time-barred, 1199 is entitled to summary judgment.

## II.    BACKGROUND

Nada was hired by Brooklyn Hospital in October 1990 as a

1

Laboratory Technologist, and he remains in this position.[1]  Nada and other

employees in his job classification were represented by Local 144 SEIU ("144")

through May 31, 1998.[2]  On June 1, 1998, 144 merged into 1199.[3]

Shortly after this merger, Nada came to believe that the differences in

pay rates should be eliminated between former-144 Lab Technologists and their

counterparts covered by a master contract ("the League Agreement") between 1199

and the League of Voluntary Hospitals and Homes ("the League").[4]  Nada

concluded that 1199 was not representing him adequately when no changes in pay

practices materialized.[5]  In particular, Nada was concerned that 1199 had failed to

follow through on a May 2004 side letter agreement between Dennis Rivera,

President of 1199, and Bruce McIver, President of the League (which was

representing Brooklyn Hospital), to "establish a committee to explore ways of

raising 144 minimums and experience steps to comparable levels of the League

---

[1]    *See* Defendant's Rule 56.1 Statement of Material Facts Not in Dispute
("Def. 56.1") ¶¶ 1, 2.

[2]    *See id.* ¶ 3.

[3]    *See id.* ¶ 4.

[4]    *See id.* ¶ 6; *see also id.* ¶ 5.

[5]    *See id.* ¶ 7.

uniform classification rates."[6]  Despite the formation of a committee, 1199 and the

League have never agreed on terms to raise former-144 minimums.[7]  On October

30, 2007, Nada signed a grievance form complaining about 1199's and the

League's need to live up to "their agreement of raising 144 minimums . . . and

experience steps to the comparable levels of the League . . . salaries/classification

rates."[8]

Nada filed this action against 1199 on June 5, 2009.  His entire

allegation is "loss of wages due to misrepresentation."[9]  He seeks "loss of wages

for $25,000 with interest from 10/24/1990."[10]  Nada gave the following testimony

at his deposition:

> A.    Let me just explain to you, we discuss here the
>        salary, not violations of anything in the contract.  We
>        discuss the salary that we belong in this contract like

----

[6]    Side Letter Regarding 144 Minimums, Ex. 4 to Affidavit of Daniel J.
Ratner, Defendant's Counsel. *Accord* Def. 56.1 ¶¶ 7, 18.

[7]    *See* Def. 56.1 ¶¶ 19-22.

[8]    1199 SEIU Grievance Form, Ex. 2 to Second Declaration of Robert H.
Stroup, Defendant's Counsel, in Support of Defendant's Motion for Summary
Judgment ("Second Stroup Decl."). *See also* Grievance Signature Page, Ex. 3 to
Second Stroup Decl.; Deposition of Mahmoud A. Nada ("Nada Dep.") at 49-50,
Ex. 1 to Second Stroup Decl.; Def. 56.1 ¶ 8.

[9]    Summons with Endorsed Complaint, No. CV-024650-09/NY (Civ. Ct.
City of New York), Ex. 1 to 1199's Petition for Removal of State Court Action.

[10]   *Id.*

3

same everybody else, and we have two different
salaries. That's what we are talking about. Do you
understand?

Q.    All right.

A.    I am talking about I am underpaid and the union
knows I am underpaid for a long time. The union
[President] promise us that he is going to make
committee to do, to adjust our salary. And nothing
was done until now for years and we keep losing
salary.

Q.    And that's your claim?

A.    Yes.

Q.    And really there isn't a claim that there is a specific
provision of the collective bargaining agreement that
the employer is violating?

A.    It is not employer is violating. This was supposed to
be enforced.

Q.    The letter of May 7, 2004 attached to Defendant's
Exhibit B, that is the basis for your complaint; is that
fair to say?

A.    Yes.[11]

Nada's deposition testimony makes clear that his complaint concerns the May

2004 side letter agreement and 1199's inability to raise the minimum rate for the

position of Laboratory Technologist at Brooklyn Hospital to the same level as the

Laboratory Technologist rate in the League Agreement.

---

[11]    Nada Dep. at 77-78, Ex. 1 to Declaration of Robert H. Stroup in
Support of Defendant's Motion for Summary Judgment.

## III.  DISCUSSION

Liberally construed, Nada alleges that 1199 has breached its duty of

fair representation.[12]  In *DelCostello v. Teamsters*, the Supreme Court held that the

six-month statute of limitations of section 10(b) of the National Labor Relations

Act applies to cases in which employees sue both their employer for breach of the

collective bargaining agreement pursuant to section 301(a) of the Labor

Management Relations Act, and their union for breach of its duty of fair

representation.[13]  In reaching this conclusion, the Court rejected the notion that

state statute of limitation periods for vacating an arbitration award and for legal

malpractice were applicable to such claims.[14]  The Second Circuit has held

---

[12]    *See DelCostello v. Teamsters*, 462 U.S. 151, 170 (1983) (observing that the duty of fair representation is implied under the scheme of the National Labor Relations Act and such claims "are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions . . . ."); *Walker v. Columbia Univ.*, 756 F. Supp. 149, 152 n.2 (S.D.N.Y. 1991) ("A union's duty of fair representation is a judicially implied duty, which requires that the union 'represent fairly the interests of all bargaining unit members during the negotiation, administration and enforcement of collective bargaining agreements.'" (quoting *International Bhd. of Elec. Workers v. Foust*, 442 U.S. 42, 46-47(1979))).

[13]    *See DelCostello*, 462 U.S. at 170-72; *White v. White Rose Food*, 128 F.3d 110, 114 (2d Cir. 1997); *Walker*, 756 F. Supp. at 152-53.

[14]    *See DelCostello*, 462 U.S. at 165-69.  In this regard, Nada's argument that the applicable statute of limitations should be the six-year limitation period of *United Parcel Service v. Mitchell*, 451 U.S. 56 (1981), or New York's three-year statute of limitations period for malpractice actions is without merit.  *See* Plaintiff's Opposition to Defendant's Motion for Summary Judgment.  In *DelCostello*, the Court explained that "our holding [in *United Parcel Service*] was limited to the

"*DelCostello* to require that the § 10(b) six-month limitations period also be applied to unfair representation claims standing alone . . . ."[15]

"A cause of action based on the duty of fair representation accrues when the union members know or reasonably should know that a breach of that duty has occurred."[16] "[O]nce the plaintiffs learn of the union's breach, the union's subsequent failure to fairly represent plaintiffs cannot be treated as a 'continuing violation' that precludes the running of the limitations period."[17]

Here, Nada asserts that 1199 breached the duty of fair representation by failing to remedy the pay differential for certain of the former-144 members through the committee created by the May 2004 side letter agreement. Nada was aware of this claim on October 30, 2007, when he signed a grievance form

---

employee's claim against the employer; we did not address what state statute should govern the claim against the union." 462 U.S. at 154. *DelCostello* also expressly rejected the use of New York State's legal malpractice limitations period, which had been adopted by the Court of Appeals in that case. *See id.* at 172 ("The Court of Appeals held the suit timely under a state 3-year statute for malpractice actions. Since we hold that the suit is governed by the 6-month provision of 10(b), we reverse the judgment.").

[15]     *Eatz v. DME Unit of Local Union No. 3*, 794 F.2d 29, 33 (2d Cir. 1986)

[16]     *Id.*

[17]     *Propst v. Association of Flight Attendants*, 546 F. Supp. 2d 14, 20 (E.D.N.Y. 2008) (quoting *Buttry v. General Signal Corp.*, 68 F.3d 1488, 1492 (2d Cir. 1995)).

complaining about 1199's failure to secure the raises and benefits mentioned in that agreement. Therefore, the six-month limitation period in which to bring this cause of action expired, at the latest, on April 30, 2007. Because Nada did not commence this action until June 5, 2009, it is untimely.

## IV.   CONCLUSION

For the reasons set forth above, 1199's motion for summary judgment is granted. The Clerk of the Court is directed to close this motion (document number 10) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 11, 2010

7

## - Appearances -

**Plaintiff Nada (Pro Se):**

Mahmoud A. Nada
42-34 212th Street, #1G
Bayside, New York 11361
(917) 602-1972

**For Defendant 1999 SEIU:**

Daniel J. Ratner, Esq.
Robert H. Stroup, Esq.
Levy Ratner PC
80 Eighth Avenue, Floor 8
New York, New York 10011
(212) 627-8100